**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 27 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DONALD LEE ROLLE,

    Defendant-Appellant.

No. 00-8079
(District of Wyoming)
(D.C. No. 00-CR-75-J)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

After a jury trial, appellant Donald Lee Rolle was convicted of possession of an unregistered sawed-off rifle in violation of 26 U.S.C. §§ 5841, 5845,

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

5861(d), and 5871; being a fugitive from justice in possession of a firearm in violation of 18 U.S.C. § 922(g)(2); and possession of a firearm by a person who is subject to a restraining order in violation of 18 U.S.C. § 922(g)(8). Rolle was sentenced to a term of forty-one months' imprisonment on each count, to be served concurrently, and three years' supervised release. In this appeal, Rolle argues that the evidence is insufficient to sustain his convictions. This court conducts a *de novo* review of the sufficiency of evidence presented at trial. *See United States v. Wilson*, 107 F.3d 774, 778 (10th Cir. 1997). Evidence is sufficient to support a conviction if the direct and circumstantial evidence and the reasonable inferences drawn therefrom, viewed in the light most favorable to the government, would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt. *See id*. Having carefully reviewed the record, this court concludes there is no merit to Rolle's arguments regarding the sufficiency of the evidence supporting his convictions.

Rolle was taken into custody on December 3, 1999 in Casper, Wyoming after a National Crime Information Center check disclosed an outstanding Montana warrant for his arrest. An officer with the Casper Police Department conducted an inventory search of Rolle's vehicle. During the search, the officer discovered a .22 caliber semi-automatic rifle behind the front seat of the vehicle.

The barrel and stock of the rifle had both been cut down. A subsequent investigation conducted by the Bureau of Alcohol, Tobacco and Firearms ("ATF") revealed that the rifle was not registered in the National Firearms Registration and Transfer Record ("NFRTR"), that Rolle had failed to appear for a hearing in Montana in connection with a charge filed against him for driving under the influence, and that Rolle was subject to a restraining order issued by the Justice Court of Custer County, Montana. Based on the information obtained by the ATF investigators, Rolle was arrested on May 8, 2000 and charged in a three-count indictment with possession of an unregistered firearm, possession of a firearm by a fugitive from justice, and possession of a firearm by a person subject to a restraining order. Rolle was convicted of all three counts.

With respect to his argument that the evidence was insufficient to sustain the conviction for possession of an unregistered firearm, Rolle asserts that he did not know the firearm was in his vehicle on December 3, 1999.[1] At trial, the government presented evidence that the rifle had been given to Rolle by a former girlfriend and that Rolle was the sole occupant of the vehicle on December 3, 1999. In addition, the ATF officer who arrested Rolle testified that Rolle was Mirandized before he was interviewed, admitted that he knew the rifle was in his

---

[1]Rolle repeats this argument in his challenge to the sufficiency of the evidence to sustain his convictions on the remaining two counts. Our resolution of the issue is equally applicable to those counts.

-3-

vehicle on December 3, 1999, admitted cutting off a portion of the barrel and stock of the rife, and admitted that he had not registered the rifle with the NFRTR. The officer further testified that the rifle was in working order and that the barrel had been cut down to a length that required its registration with the NFRTR.

Rolle first challenges the voluntariness of the statements he made after his arrest on May 8, 2000. Rolle's argument that his statements were involuntary because the Miranda warnings were given orally and he was not provided with a written waiver form has been previously considered and rejected by this court. *See United States v. Gell-Iren*, 146 F.3d 827, 830 (10th Cir. 1998) (upholding the validity of an oral Miranda waiver and concluding that the failure to provide the defendant with a waiver-of-rights form did not render the Miranda waiver involuntary). Rolle next challenges the accuracy of the ATF officer's testimony. His argument that the officer's testimony is questionable because the officer had only one hour of sleep prior to the interview is meritless. When reviewing a sufficiency-of-the-evidence claim, this court does not assess witness credibility but views the evidence in the light most favorable to the government. *See Wingfield v. Massie*, 122 F.3d 1329, 1332 (10th Cir. 1997). The admissible evidence presented in this case, including the statements Rolle made to the ATF

-4-

officer, was sufficient to sustain Rolle's conviction of possession of an unregistered firearm.

Rolle next contends that there was insufficient evidence to convict him of possession of a firearm by a fugitive from justice because the government failed to prove that he left Montana with the intent to avoid arrest or prosecution. A fugitive from justice is defined as "any person who has fled from any state to avoid prosecution for a crime or to avoid giving testimony in any criminal proceeding." 18 U.S.C. § 921(1)(15). At trial, the government introduced a certified copy of a bench warrant issued by a Montana court on October 21, 1999 as a result of Rolle's failure to appear on a charge of driving under the influence; testimony that Rolle was in Wyoming on December 3, 1999; and Rolle's statement to the ATF officer that he was aware of the outstanding warrant. The jury was entitled to draw reasonable inferences from this evidence regarding Rolle's subjective intent. *See United States v. Magleby*, 241 F.3d 1306, 1312 (10th Cir. 2001) ("In making its determination regarding a defendant's intent, a jury is permitted to draw inferences of subjective intent from a defendant's objective acts." (quotation omitted)). The evidence amply supports the jury's conclusion that Rolle left Montana with the intent to avoid the charges pending against him in that state.

Finally, Rolle contends that the evidence was insufficient to sustain his conviction on the charge of possession of a firearm by a person subject to a protective order because the government failed to show that he was subject to a restraining order described in 18 U.S.C. § 922(g)(8). To sustain the conviction, the government was required to prove, *inter alia*, that Rolle was subject to a order that restrains him "from harassing, stalking, or threatening an intimate partner . . . or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner." 18 U.S.C. § 922(g)(8)(B). Additionally, the restraining order must include a finding that Rolle represents a credible threat to the intimate partner or "by its terms explicitly prohibit[] the use, attempted use, or threatened use of physical force against such intimate partner." 18 U.S.C. § 922(g)(8)(C)(i), (ii). Rolle argues that the protective order issued by the Montana court does not specifically contain the words "stalking or threatening" and thus does not meet the requirements of 18 U.S.C. § 922(g)(8)(B). He also argues that the restraining order does not comply with 18 U.S.C. § 922(g)(8)(C) because it does not contain all of the language required by that subsection.

At trial, the government introduced the restraining order issued by the Justice Court of Custer County, Montana. The order states that Rolle "must not harass, annoy, or disturb the peace of" his former girlfriend. This language

prohibits Rolle from engaging in conduct "that would place an intimate partner in reasonable fear of bodily injury," and, thus, meets the requirements of 18 U.S.C. § 922(g)(8)(B). The restraining order also contains a finding that Rolle's former girlfriend "is in danger of harm." This finding is sufficient to satisfy the requirement of 18 U.S.C. § 922(g)(8)(C)(i) that the restraining order include a finding that Rolle represents a credible threat to the physical safety of his former girlfriend. Finally, the restraining order prohibits Rolle from threatening to commit or committing acts of violence against his former girlfriend. Thus, it explicitly prohibits Rolle from using or attempting to use physical force against his former girlfriend, thereby meeting the requirements of 18 U.S.C. § 922(g)(8)(C)(ii). [2] We conclude that the evidence was sufficient to sustain Rolle's conviction on the charge of possession of a firearm by a person subject to a restraining order.

This court concludes that the evidence was sufficient to convict Rolle of all three counts contained in the indictment. Accordingly, Rolle's convictions are hereby **affirmed** .

ENTERED FOR THE COURT:

---

[2]Although 18 U.S.C. § 922(g)(8)(C) is phrased in the disjunctive, we note that the requirements of both § 922(g)(8)(C)(i) and § 922(g)(8)(C)(ii) were met.

Michael R. Murphy
Circuit Judge