**[J-118-2019] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 2 EAP 2019 |
| | : | |
| Appellee | : | Appeal from the Judgment of |
| | : | Superior Court entered on |
| | : | 8/28/2018 at No. 1028 EDA 2017 |
| v. | : | affirming the Judgement of |
| | : | Sentence entered on 2/2/2017 in the |
| | : | Court of Common Pleas, |
| BRAHIM SMITH, | : | Philadelphia County, Criminal |
| | : | Division at No. CP-51-CR-0006922- |
| Appellant | : | 2014. |
| | : | |
| | | SUBMITTED: December 12, 2019 |

**DISSENTING OPINION**

**JUSTICE BAER**                                        **DECIDED: July 21, 2020**

This case calls upon us to decide whether the fact that a person is subject to a bench warrant is sufficient, in and of itself, to support a finding that he is a "fugitive from justice" and, thus, a "person not to possess, use, control, sell, transfer or manufacture" a firearm pursuant to Section 6105 of the Pennsylvania Uniform Firearms Act of 1995 ("UFA"), 18 Pa.C.S. § 6105 (a)(1), (c)(1). Answering this question in the affirmative, the majority effectively creates a *per se* rule that any individual who is subject to an active bench warrant is a fugitive from justice, irrespective of whether that individual had the intent to avoid arrest or prosecution, or was even aware that the bench warrant existed.

Respectfully, I cannot agree with the creation of this rigid rule. Instead, I would hold that, while the existence of an active bench warrant may indicate that an individual is a fugitive from justice, this fact, standing alone, is insufficient to establish that the person is attempting to avoid the law. Here, because Brahim Smith ("Appellant") was convicted

of violating Section 6105 merely on a stipulation that he had an active bench warrant, I, unlike the majority, would reverse the Superior Court's judgment, as well as vacate Appellant's sentence and conviction. Accordingly, I dissent.

As noted above, pursuant to Section 6105, "[a] person who is a fugitive from justice" may not "possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth." 18 Pa.C.S. § 6105(a)(1), (c)(1). In this case, we granted discretionary review to decide whether the mere issuance of a bench warrant is sufficient to determine that an individual is a fugitive from justice. The UFA does not define the term fugitive from justice; thus, as a threshold matter, we must discern what the Legislature intended in utilizing this term.

In so doing, the majority opines "that the terms 'fugitive' and 'fugitive from justice' are synonymous for our present purposes and include someone who evades the law or prosecution, and/or an individual in a criminal case who simply eludes law enforcement." Majority Opinion at 13. Concluding that "a bench warrant issues only when an individual does not appear when required, and thus acts to elude or evade law enforcement or prosecution[,]" the majority holds that "[i]t logically follows that an individual who evades law enforcement such that a bench warrant is issued … is a fugitive as that term is commonly defined." *Id.*

I agree with the majority's definition of fugitive from justice as someone evading lawful process. However, as noted *supra,* I disagree with its ultimate determination that any individual with an outstanding warrant should be considered a fugitive as a matter of law. Bench warrants may be issued in many instances, including, for example, one's failure to appear for jury duty, a child support hearing, or failure to pay a fine. It is more than conceivable that an individual who is the subject of a bench warrant may be wholly unaware of that fact and does not have any intent to evade law enforcement or the courts.

Likewise, a bench warrant could be issued inadvertently as the result of a breakdown in the court system. In these types of circumstances, it obviously would be inappropriate to find that the mere existence of a bench warrant is sufficient to label an individual a fugitive and, thus, render that person ineligible to possess a firearm. 18 Pa.C.S. § 6105(c)(1). Accordingly, while I believe that the issuance of an active bench warrant may present indicia that an individual is attempting to elude law enforcement, that fact alone should not be dispositive in determining whether he is a fugitive from justice. *See, e.g., United States v. Rolle*, 19 F. App'x 812, 814 (10th Cir. 2001) (unpublished) (rejecting Rolle's claim that the evidence was insufficient to convict him of "possession of a firearm by a fugitive from justice because the government failed to prove that he left Montana with the intent to avoid arrest or prosecution." In *Rolle*, the Tenth Circuit held that based on the government's introduction of both "a certified copy of a bench warrant issued by a Montana court … as a result of Rolle's failure to appear on a charge of driving under the influence" and "Rolle's statement to the ATF officer that he was aware of the outstanding warrant[,] … [t]he jury was entitled to draw reasonable inferences from this evidence regarding Rolle's subjective intent.").[1]

Turning to the facts of this case, the only evidence introduced by the Commonwealth to prove that Appellant was a fugitive was a stipulation by the parties that at the time of the offense Appellant was the subject of an active bench warrant. As explained, this fact, in and of itself, proves little. Notwithstanding, the majority relies on this stipulation alone to affirm Appellant's conviction under Subsection 6105(c)(1), without so much as a scintilla of evidence that Appellant was aware that he was the subject of an

---

[1] While I recognize that *Rolle* is not precedential, I find this case to offer a helpful illustration of the minimal evidence that needs to accompany the fact that a bench warrant has been issued to determine if an individual is a fugitive from justice.

outstanding warrant. In my view, the stipulation offered in this case is insufficient to support Appellant's conviction.

Consequently, I would reverse the judgment of the Superior Court as well as vacate Appellant's sentence and conviction.

Justice Donohue joins this dissenting opinion.